# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JAMES SHANS** AND § <br> **DANNY MITCHELL** § <br>     **PLAINTIFFS** § <br> **V.** § <br> § <br> **TATUM INDEPENDENT** § <br> **SCHOOL DISTRICT,** § <br>     **DEFENDANT** § | **CIVIL ACTION NO.** _____ |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Plaintiffs JAMES SHANS ("Mr. Shans") and DANNY MITCHELL ("Mr. Mitchell") to hereby file their "Plaintiffs' Original Complaint" ("Complaint") and in support thereof Plaintiffs would show this Honorable Court the following.

### PREAMBLE

### *EXPERIENCED EDUCATION EMPLOYEES DISCRIMINATED AGAINST BECAUSE THEY ARE AFRICAN AMERICAN MEN*

*Plaintiffs were educational employees of Defendant Tatum Independent School District. Notwithstanding Plaintiffs' good reputation and years of experience, Defendant pursued a deliberate path of discrimination against Plaintiffs because of Plaintiffs' race, age, gender, and in retaliation of Plaintiffs' expressing their First Amendment Freedom of Speech. Such discrimination included the refusal to pay earned overtime and other wages paid to non-African American men employed by Defendant TISD.*

## A. NATURE OF SUIT

1.  Plaintiffs have been the victim of systematic and ongoing discrimination by Defendant TISD based on Plaintiffs' ethnicity (as further applied to their gender, and age) and in retaliation for Plaintiffs' exercise of Plaintiffs' rights under the First Amendment of the United States Constitution, with such discrimination including but not being limited to the non-payment of overtimes wages due to each of the Plaintiffs and lower payment structures for non-African-American men employed by Defendant TISD. Plaintiffs now seek judicial redress in accordance various statutory remedies available to Plaintiffs.

2.  Plaintiffs now file this original action for damages pursuant to:

    (a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

    (b) 29 U.S.C. § 201, 52 Stat. 1060, Fair Labor Standards Act of 1938; and

    (c) 42 U.S.C. § 1983 with regards to:

    (i) Defendant's violations of the laws of the United States;

    (ii) Defendant's denial (under the color of law) of Plaintiffs' equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

  (iii) Defendant's denial (under the color of law) of Plaintiffs' freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

## B. PARTIES

3. Plaintiff Mr. Shans is a male individual of African-American heritage who resides in the State of Texas. Plaintiff Mr. Shans has dedicated his life to the education of children.

4. Plaintiff Mr. Mitchell is a male individual of African-American heritage who resides in the State of Texas. Plaintiff Mr. Mitchell has also dedicated his life to the education of children.

5. Defendant Tatum Independent School District ("TISD") is a public school district formed under the laws of the State of Texas, operates under the authority of the State of Texas and the United States Department of Education, and may be served with summons upon its superintendent as follows:

**TATUM INDEPENDENT SCHOOL DISTRICT**
**ATTN: JERRY PATRICK RICHARDSON, SUPERINTENDENT**
**SL-59 LAKE CHEROKEE**
**HENDERSON, TEXAS**

## C. JURISDICTION and VENUE

6. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

(a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI");

(b) 29 U.S.C. § 201, 52 Stat. 1060, Fair Labor Standards Act of 1938 ("FLSA"); and

(c) 42 U.S.C. § 1983 ("Section 1983") with regards to:

   (i) Defendant's violations of the laws of the United States;

   (ii) Defendant's denial (under the color of law) of Plaintiffs' equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

   (iii) Defendant's denial (under the color of law) of Plaintiffs' freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

7. Venue is proper in the Eastern District of Texas (Tyler Division) because Defendant TISD operates its schools in, and from, Tatum, Texas in Rusk County, Texas, which is also where the underlying events occurred. Tatum and Rusk County are within the Eastern District of Texas and further within the Tyler Division.

### D. FACTUAL BACKGROUND

#### *WHO ARE PLAINTIFFS*

8. As referenced, (a) Plaintiff Mr. Shans is a male of American-American heritage who was employed by Defendant TISD, and (b) Plaintiff Mr. Mitchell is a male of American-American heritage who was also employed by Defendant TISD.

9. Plaintiffs have been education employees in the State of Texas for many years. For some of those years, Plaintiffs were each an employee of Defendant TISD.

### *WHO IS TISD?*

10. As stated, Defendant TISD is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education.

11. As part of its funding, Defendant TISD receives grants and other funds from the United States government that are used for the primary objective of providing for the employment of educators and staff for students in the boundaries of Defendant TISD, such as Plaintiffs.

12. Through the direct use of such funding from the United States, or, through the general co-mingling of such funds into the revenue stream of Defendant TISD, Defendant TISD compensated Plaintiffs through the employment agreements.

### *Defendant TISD's Wrongful Actions towards Plaintiffs.*

13. During Plaintiffs' employment by Defendant TISD, each Plaintiff was not paid overtime wages due each Plaintiff, not paid a wage equal to non-African American men who were employed by Defendant TISD, were stricken of employment duties and opportunities, and ultimately chased out of employment with Defendant TISD.

14. Defendant TISD's acts against Plaintiffs included the failure to pay, as referenced, stalking Plaintiffs, targeting Plaintiffs, making sure that Plaintiffs knew Plaintiffs were not welcomed or valued employees of Defendant TISD.

15. Some, but not all of the employees of Defendant TISD who took specific actions against Plaintiffs include:

>Superintendent Richardson;

>Drenon Fite; and

>Ghary Hightower.

16. In discussions with administrators of Tatum ISD, Defendant TISD acknowledged that Plaintiffs were not being treated fairly, such treatment was merely the custom and practice of Defendant TISD, and would not change despite Plaintiffs' non-judicial efforts to seek redress.

17. The true nature of Defendant TISD's racial discrimination of Plaintiffs was mere speculation until Defendant TISD recently blackballed Plaintiff Mr. Shans' employment opportunities and refused to allow Mr. Shans to complete the last step of an educational certification Mr. Shans has worked towards for years.

18. In light of the recent actions towards Plaintiff Mr. Shans, Plaintiffs metaphorically compared notes as to how each was treated by Defendant TISD, and the truth finally became clear.

## *Defendant TISD's "Municipal Liability"*

19. Defendant TISD committed and allowed the commission of, the misconduct described in this Complaint intentionally, with actual malice, reckless disregard, and intentional indifference toward Plaintiffs.

20. Texas law deems Plaintiffs' employment agreements with Defendant TISD to create a property interest that Plaintiffs hold.

21. Defendant TISD committed, and allowed the commission, of the targeted discrimination against Plaintiffs and implemented same under color of law. The TISD personnel who committed the misconduct complained of did so as agents and representatives of TISD and were implementing TISD's policies, practices, and procedures when they acted against Plaintiffs.

22. If Defendant's TISD's policies, practices, and procedures were not in written form, TISD and its agents implemented them in accord with the customs and practices of TISD's policy makers.

23. Further, as the policy maker for Defendant TISD, the Board of Trustees of Defendant TISD personally viewed, supported, and ratified the Defendant TISD's acts and omissions as to Plaintiffs because said superintendent was implementing the Board's own policies, procedures, customs, and actions.

24. Defendant TISD's personnel who acted against Plaintiffs did so while performing their assigned TISD duties, as prescribed by TISD's superintendent and/or its Board (being the ultimate policymaker of Defendant TISD).

25. Defendant TISD's discriminations towards Plaintiffs represents actions of complete and deliberate indifference to Plaintiffs, and, made it necessary for Plaintiffs to retain legal counsel and to file this lawsuit to seek redress such discrimination.

### *Harm to Plaintiffs*

26. Defendant TISD's discrimination against Plaintiffs has caused each of the Plaintiffs to suffer physical and economic harm, including without limitation lost pay. Plaintiffs also suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendant TISD. Plaintiffs' harm will continue for the remainder of Plaintiffs' years as education employees.

27. Plaintiffs have met all conditions precedent to bring these claims before this Honorable Court.

### E. CAUSES OF ACTION

28. The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

## **COUNT ONE: VIOLATION OF TITLE VI**

29.     Title VI provides in relevant part that: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

30.     Because Defendant TISD (1) does receive federal financial assistance, the primary objective of which is to provide employment, and (2) applied such funding to the discriminatory programs, activities, and treatment as described herein, which were intentionally directed at Plaintiffs because of Plaintiffs' race, Defendant TISD has violated Title VI.

31.     Defendant TISD's acts and omissions against Plaintiffs in violation of Title VI have caused Plaintiffs to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs now sue in accord with Title VI.

32.     Defendant TISD's acts and omissions against Plaintiffs in violation of Title VI have caused Plaintiffs to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs now sue in accord with Title VI.

## COUNT TWO: FLSA

33. As set forth, Defendant TISD refused to pay Plaintiffs wages earned, including overtime, and paid Plaintiffs less than what Defendant TISD paid non-male African American employees.

34. Plaintiffs have suffered actual and consequential damages as a result of such wage violations by Defendant TISD, for which Plaintiffs now sue for relief.

## COUNT THREE: VIOLATION OF SECTION 1983

35. 42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

36. Defendant TISD's acts and omissions in violation of Title VI and the FLSA also violate Section 1983 because Defendant TISD committed those acts and omissions under color of law, through designated persons of authority implementing TISD assigned duties and responsibilities.

37. Further, the Fourteenth Amendment to the United States Constitution grants Plaintiffs the right to procedural and substantive due process and to equal protection under the law, which were denied to Plaintiffs.

38. Also, the First Amendment to the United States Constitution grants Plaintiffs the right to express complaints and concerns for their, and others, employment rights with Defendant TISD both orally and in writing. The First Amendment also grants Plaintiffs the right to assemble peaceably, which TISD denied Plaintiffs.

39. Defendant TISD's acts and omissions were intentional, arbitrary, and capricious, resulting in violation of Plaintiffs' procedural and substantive due process and to equal protection rights under the law.

40. Defendant TISD's acts and omissions against Plaintiffs in violation of Section 1983 have caused Plaintiffs to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs now sue in accord with Section 1983.

41. Defendant TISD's acts and omissions against Plaintiffs in violation of Section 1983 have caused Plaintiffs to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiffs now sue in accord with Section 1983.

## COUNT FOUR: EXEMPLARY AND/OR LIQUIDATED DAMAGES

42. Various of the statutes that Defendant TISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. Defendant TISD's misconduct entitles Plaintiffs to recover exemplary and/or liquidated damages from

TISD in an amount sufficient to punish TISD for its misconduct and to deter similar misconduct in the future.

## COUNT FIVE: ATTORNEY'S FEES

43. Various of the statutes that Defendant TISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. Defendant TISD's misconduct entitles Plaintiffs to recover from TISD the reasonable and necessary attorney's fees incurred as to Plaintiffs filing and prosecuting this action.

## COUNT FIVE: INTEREST AND COSTS OF COURT

44. Various of the statutes that Defendant TISD's misconduct violated permit the recovery of prejudgment interest.

45. Plaintiffs are entitled to recover from Defendant TISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

46. Plaintiffs are further entitled to recover from Defendant TISD Plaintiffs' costs of court.

### F. JURY TRIAL

47. Plaintiffs hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James Shans and Danny Mitchell respectfully pray that upon final trial of this matter Plain tiffs recover a judgment against Defendant TISD for:

- Plaintiffs' actual and consequential damages;
- Exemplary damages in the manner requested above;
- Plaintiffs' reasonable and necessary attorney's fees;
- Prejudgment and post judgment interest, as applicable;
- Plaintiffs' costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiffs may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

_____
Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFFS**
**JAMES SHANS AND**
**DANNY MITCHELL**

'